THE NATIONAL CITY BANK OF NEW YORK, Appellant, v. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 910. Submitted January 18, 1932.—Decided January 24, 1934.

*E. T. Fiddler* and *Jorge L. Córdova* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The National City Bank of New York took this appeal because the registrar of property of Humacao refused to record a document presented to him for that purpose.

It appears from the document presented for record that in a foreclosure proceeding brought in the District Court of Humacao, by the National City Bank of New York against Garzot & Fuertes, the marshal of said court sold to the appellant bank a property on which there is a central known as

"Triunfo," and executed in its favor the corresponding deed of sale. When that deed was presented for recording the property in the name of the bank, the registrar refused to record it for the following reasons:

"The recording of this document is refused because the property is now recorded in the name of The People of Puerto Rico by virtue of a public auction held on June 7, 1933, for the collection of property taxes for the fiscal years 1928–29, 1929–30, and 1930–31, amounting to $34,866.92; income taxes for the years 1927, 1928, and 1931, amounting to $5,238.49, and the processing tax on sugar for the fiscal year 1931–32, amounting to $8,001.56. Notice of this auction was given to The National City Bank of New York, as the holder of ten mortgage notes of $35,000 each. As neither the delinquent taxpayer, Garzot & Fuertes, nor any other interested person has yet exercised the right of redemption, a cautionary notice for 120 days is entered in favor of The National City Bank of New York, in accordance with the law."

In the case of *National City Bank* v. *Registrar,* 44 P.R.R. 417, we held that the certificate of purchase or award in a tax sale transfers title to the purchaser or grantee and is recordable notwithstanding the right of redemption that the law grants to the debtor, which constitutes a resolutory condition inasmuch as it only binds the purchaser or transferee to restore the thing received upon the happening of the prospective event; and that while the condition is pending, the only right of the former owner of the property thus sold or awarded is to redeem it by complying with the requirements prescribed by law. We also said that this species of sale is similar to a sale with the right to repurchase (*retro- venta convencional*) wherein the title passes to the purchaser and is recorded in his favor subject to the right of re- purchase, the sale to become absolute upon the failure to exercise that right within the period provided for redemp- tion.

The appellant is aware of that decision, but it argues that the provisions of our Political Code in regard to tax sales have been taken from similar American statutes, and

cites Cooley on Taxation, paragraph 1458, in which it is said that the right to take possession is generally fixed by statute, and that usually the right to possession remains with the owner and not with the purchaser, until the term for redemption expires. We, however, have a statute that transfers to the purchaser from the time of the sale, the property so acquired, since the Political Code provides in its section 347, as amended by the Act of March 14, 1907, (Session Laws, p. 341), that the collector shall deliver to the purchaser of any property sold for nonpayment of taxes, within 10 days from the date of the sale according to section 343, a certificate of purchase, and that the purchaser, his heirs, or assigns, may, upon receipt of such certificate, have the same duly recorded by the registrar of property. And section 352, also amended in 1907 (Session Laws, p. 345), provides that when there is no bid sufficient to cover all the taxes, penalties, and costs of the property advertised for sale, the property may be purchased by the collector in the name of the People of Puerto Rico, and he shall make out and cause to be recorded in the registry of property a certificate of purchase to the People of Puerto Rico; and that if the right to redeem the property is not exercised, said certificate, when recorded in the registry of property, shall vest the title to said property absolutely in the People of Puerto Rico. Consequently, that kind of sale transfers to the purchaser the right of ownership, is recordable as such, and thus the property is recorded in the name of the People of Puerto Rico, for which reason no sale whatever that is not made by the People of Puerto Rico can now be recorded as long as the present record subsists.

The bank also says that because it purchased the property "Triunfo" at a judicial sale, it is the owner of the right of redemption vested in Garzot & Fuertes by reason of the award to the People of Puerto Rico for the collection of taxes, and that that right can be recorded in the registry notwithstanding the existing registration in the name of the

People of Puerto Rico, in order to give protection against third persons; but we do not have to decide that question in this appeal because the registrar has not refused to record such right of redemption but the transfer of the ownership of the property to the bank, which was what the appellant asked. The registrar has had no opportunity to decide whether or not he should record in favor of the bank the right of redemption that the former owner of the property had. It is when such record is requested and denied and a review sought by appeal, that that question will have to be decided.

The decision appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.